UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASIM ABO GHANIM,

                  Plaintiff,

v.

ALBERTO R. GONZALES, et al.,

                  Defendants.

No. C07-0594MJP

ORDER REMANDING CASE TO USCIS FOR ADJUDICATION

      This matter comes before the Court on Plaintiff Jasim Abo Ghanim's application for naturalization. (Dkt. No. 1.) On April 25, 2007, the Court ordered the Government to show cause why the Court should not grant Plaintiff's application for naturalization. (Dkt. No. 2.) The Government responded by filing a brief that was both a response to the Court's order as well as a motion to dismiss or remand. (Dkt. No. 4.) The Government indicated that United States Citizenship & Immigration Service (USCIS) could not yet process Mr. Abo Ghanim's naturalization application because the Federal Bureau of Investigation (FBI) had not completed his name check. In an order issued on August 2, 2007, the Court concluded that it has jurisdiction over this matter, denied the motion to dismiss or remand, and scheduled the matter of whether Mr. Abo Ghanim should be naturalized for an evidentiary hearing. (See Dkt. No. 8.) That hearing was held on September 13, 2007. Having considered the arguments made at the September 13 hearing and the entire record in this case, the Court REMANDS this matter to USCIS for adjudication of Mr. Abo Ghanim's naturalization application. USCIS must adjudicate Mr. Abo Ghanim's application by September 18, 2007, and, if it grants the application, administer the naturalization oath on September 18, 2007, at

ORDER - 1

4:00 p.m. If Mr. Abo Ghanim is not naturalized on September 18, the parties will appear before the Court on September 19, and the Government must show cause why the Court should not immediately naturalize Mr. Abo Ghanim.

**Background**

Plaintiff Jasim Abo Ghanim, an Iraqi refugee, has been a legal permanent resident of the United States since 1994. He filed an application for naturalization in July 2005. In October 2005, USCIS conducted his citizenship interview and informed him that USCIS could not adjudicate his naturalization application because it had not completed one of its background checks, the FBI "name check." After Plaintiff filed his complaint, and after the Court ordered the Government to show cause why Plaintiff should not be naturalized, the Government completed its name check of Mr. Abo Ghanim. The Government contends that it is now ready to adjudicate his naturalization application within thirty days of a remand order from this Court. Plaintiff resists a remand because the Government has not articulated any deficiencies in Plaintiff's application that would prevent immediate naturalization.

**Discussion**

The remaining issue in this case is whether Mr. Abo Ghanim should be naturalized. To determine this matter, the Court set an evidentiary hearing and granted the parties permission to conduct discovery in preparation for the hearing. Plaintiff has submitted to the Court documents in support of his request to be naturalized, including: his completed application for naturalization, Form N-400; his naturalization interview results, Form N-652, which indicates that he passed the English language and civics exams; and a declaration, signed on September 13, indicating that since the date of his interview, Plaintiff has not been married or divorced, traveled outside the United States, been arrested, or engaged in any other activities that would make him ineligible for naturalization.[1] Plaintiff has thus made a prima facie showing of eligibility for citizenship. See, e.g. 8 U.S.C. §§ 1423, 1424, 1427, 1429.

---

[1] This declaration was presented to the Court at the evidentiary hearing and will be filed on the Court's electronic filing system.

ORDER - 2

1  The Government argues that remand to the agency is appropriate.  The Government contends that USCIS still needs to (1) collect and synthesize all of the information in Mr. Abo Ghanim's administrative file, (2) apply its judgment and expertise in determining whether he has met all the naturalization criteria, (3) make a preliminary determination on his application, and (4) obtain and synthesize the information to be provided in a Form N-445.[2]  The Court understands that the Government has not yet completed the process of adjudicating Mr. Abo Ghanim's application.  But in its order to show cause, the Court asked the Government to come forward with a specific reason why Mr. Abo Ghanim should not be immediately naturalized.  At the hearing and in its papers, the Government has failed to articulate any <u>fact</u> which would prevent Mr. Abo Ghanim from being eligible for naturalization.  Counsel was unable to identify any deficiency in Mr. Abo Ghanim's application.  Indeed, the Government did not bring Mr. Abo Ghanim's complete administrative file to the evidentiary hearing, nor did it prepare or bring any witnesses to testify regarding Mr. Abo Ghanim's application.  It did not examine Mr. Abo Ghanim on the stand.  And it offered no affidavits to refute Mr. Abo Ghanim's eligibility.  Except for reference to a "process" to be conducted by USCIS, the Government offered no reason why, legally or factually, the Court should not immediately administer the naturalization oath to Mr. Abo Ghanim.  Because Mr. Abo Ghanim has offered proof of his eligibility for citizenship, and because the Government has failed to offer any evidence contradicting that eligibility, Mr. Abo Ghanim has met his burden of proving that he is eligible for citizenship.

USCIS had ample notice of the evidentiary hearing and of the Court's demand that it offer reasons why Mr. Abo Ghanim should not be naturalized.  It is astounding that the Government's counsel would not have worked with their client — USCIS — to pore over Mr. Abo Ghanim's administrative file and investigate whether any evidence warrants the Court pausing.  Mr. Abo Ghanim, like other naturalization petitioners, wants to be a U.S. citizen; the Government has been dilatory in its response to him.  The Government's response to these types of cases — expending

---

[2] The information to be collected on a Form N-445 is the same information provided by Plaintiff in his September 13 declaration.

ORDER - 3

incredible resources defending a delayed adjudication and then failing to offer any specific reason why a person should not be naturalized — is incredibly wasteful. In the few cases where the Government has brought forward derogatory information about a petitioner, the Court has been willing to listen. But where the Government fails to offer any evidence that suggests the petitioner should not be naturalized, the Court has no option but to accept the petitioner's position.

It is unclear why USCIS insists that the Court not administer the naturalization oath. For whatever reason, it is important to the agency that the Court not do so. Even considering the Government's weak response, the Court offers the Government one final chance to perform its duty. The Court orders the Government's lawyers and appropriate USCIS staff to conduct the necessary review of Mr. Abo Ghanim's application. The Government must be prepared to issue a decision on Mr. Abo Ghanim's naturalization application no later than next week, Tuesday, September 18, 2007. The Government shall make sure that, if it approves his application, Mr. Abo Ghanim be allowed to participate in the naturalization oath ceremony scheduled for September 18, 2007, at 4:00 p.m.

The Court is not interested in naturalizing anyone who should not be naturalized. But the Court is interested in forcing the agency to perform and carry out its statutory duty. If the Government does not naturalize Mr. Abo Ghanim on September 18th, then the Government must appear before this Court on September 19 at 9:00 a.m., and explain exactly why Mr. Abo Ghanim does not meet the citizenship criteria. The Court will administer the naturalization oath to Mr. Abo Ghanim on September 19, unless the Government can articulate a good reason at the hearing why it should not do so.

//
//
//
//
//
//

ORDER - 4

**Conclusion**

Mr. Abo Ghanim has made a prima facie case of eligibility for citizenship, and the Government has failed to articulate any reason why he should not be immediately naturalized. The Court remands this matter to USCIS for immediate adjudication of Mr. Abo Ghanim's naturalization application. The Government must either naturalize Mr. Abo Ghanim on September 18, 2007, or show cause on September 19 why the Court should not administer the oath of naturalization.

The clerk is directed to send copies of this Order to all counsel of record.

Dated this 14th day of September, 2007.

Marsha J. Pechman
United States District Judge